J-S02005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH E. PERRY | : | |
| | : | |
| Appellant | : | No. 302 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008775-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED:  APRIL 16, 2021**

Appellant, Kenneth E. Perry, appeals from the judgment of sentence of 1 to 2 years' incarceration, imposed after his term of probation was revoked based on a technical violation that stemmed from Appellant's refusing to admit his guilt of the sexual offenses to which he pled *nolo contendere*.  Appellant argues that his negotiated plea included an agreement that he would not have to admit his guilt (hereinafter "non-admission condition") and, thus, the trial court erred by revoking his probation rather than granting specific performance of the non-admission condition.  After careful review, we vacate Appellant's judgment of sentence and remand for further proceedings.

The facts of Appellant's case are not pertinent to the issues he raises on appeal.  The complicated procedural history of his case was summarized by the trial court, as follows:

On December 7, 2018[, Appellant] entered into a negotiated, [*nolo contendere*] plea … to the charges of Endangering [the] Welfare of Children[,] as a Felony in the Third Degree[,] and Corruption of Minors[,] as a Misdemeanor in the First Degree. The negotiated sentence was a total of ten years of reporting probation[,] to be supervised by the Sex Offender's Unit. [Appellant's] probationary sentence included a provision that "Admitting Guilt[] During Supervision is Not a Condition of Probation[,]" and that [Appellant] would be taking a polygraph test[,] in lieu of that admission. Notes of Testimony [(N.T.)], 12/7/18[,] at 23. If [Appellant] passed the polygraph test he would not have to enter treatment. [N.T.], 12/19/18[,] at 23.

On December 19, 2018[,] a hearing was held before this [c]ourt to clarify the conditions of [Appellant's] probation should he fail the polygraph test. Defense counsel articulated that it was never [Appellant's] understanding of the plea negotiations that he would need to admit guilt, despite the results of the polygraph. *Id.* at 9. Defense counsel argued that treatment would have to make accommodations for [Appellant] to receive treatment without admitting guilt. *Id.* Probation Officer Johnson testified to clarify that[,] should an individual fail the polygraph test and enter treatment sex offender treatment, such treatment would not be possible without continued accountability by the participant. [*Id.*] at 10. At this time, this [c]ourt offered [Appellant] the opportunity to withdraw the negotiated plea due to the apparent confusion around its conditions. *Id.* at 13. [Appellant] declined this opportunity and elected to move forward with the polygraph under the original conditions of his sentence. *Id.* at 29.

On December 31, 2018, [Appellant] failed his polygraph. On January 7, 2019, [Appellant] appeared before this [c]ourt for a violation of probation hearing[,] at which time next steps for [Appellant's] sentence were discussed. This [c]ourt again offered [Appellant] the opportunity to withdraw his plea, acknowledging the facial contradictions in the agreed-upon sentence. [N.T.], 1/7/19[,] at 9. [Appellant] did not wish to withdraw his plea, and indicated an understanding that he had to go to treatment due to the failed polygraph test. *Id.* ("As far as going to treatment is concerned, that's absolutely what was bargained. If he didn't pass the polygraph, he has to go to treatment. Agreed. He's ready to go."). At this time, again, [Appellant's] probation officer made clear in his testimony that treatment would be impossible if [Appellant] refused to disclose his offense in a rehabilitative

setting, resulting in a probation violation. *Id.* at 11. [Appellant] indicated an understanding of this risk. *Id.*

Following this hearing, [Appellant] was subsequently placed into sex offender treatment and was given until April 15, 2019[,] to provide a disclosure about his offense in accordance with treatment protocol.

On April 23, 2019, [Appellant] appeared before this [c]ourt for a violation of probation [h]earing. [Appellant] had been unsuccessfully discharged from treatment due to his failures to disclose his offense and his continued blaming of the victim for his actions. It was rearticulated at this hearing that this [c]ourt had previously offered [Appellant] an opportunity to withdraw his plea, which he had declined. [N.T.], 4/23/19[,] at 6, 10. This [c]ourt found [Appellant] in technical violation and ordered that he enroll in another sex[-]offender treatment program within 30 days. *Id.* at 17.

On May 23, 2019, [Appellant] appeared before this [c]ourt again for a violation of probation. [Appellant] had continued to be noncompliant with treatment, failing to disclose his offense. [N.T.], 5/23/19[,] at 5. It was the request of his probation officer at this time that [Appellant] be given a sentence of state incarceration due to his incompatibility with treatment. *Id.* Again, it was rearticulated at this hearing that this [c]ourt had previously offered [Appellant] an opportunity to withdraw his plea, which he had declined. *Id.* at 6. This [c]ourt did not find [Appellant] in technical violation at this time, but instructed the probation officer to relist the matter immediately should [Appellant] be unsuccessfully discharged from treatment for a second time. *Id.* at 8.

On September 30, 2019, [Appellant] appeared before this [c]ourt again for a violation of probation. [Appellant] had been unsuccessfully discharged from treatment again due to his continued failure to consistently disclose his offenses. [N.T.], 9/30/19[,] at 5. This [c]ourt was satisfied at that time that [Appellant] had made some progress in treatment in the form of partial disclosures, and thus elected to wait to see whether [Appellant] would be allowed to re-enter treatment. *Id.* at 20 ("Right now let's see if [the treatment provider] will take [Appellant] back.").

On December 11, 2019, [Appellant] appeared before this [c]ourt yet again for a violation of probation. At this time, this [c]ourt

learned that [the treatment provider] had not accepted [Appellant] back into treatment as of his [December 6, 2019] reassessment appointment. [N.T.], 12/11/19[,] at 5. Probation had requested that [Appellant's] probation be revoked and that [Appellant] serve a term of incarceration due to his continued unwillingness to participate in treatment per the conditions of his probation. At this time, this [c]ourt held the issue of revocation under advisement to address at a [December 17, 2019] hearing. [*Id.*] at 10.

On December 17, 2019, [Appellant] appeared before this [c]ourt for its decision as to his probation revocation. [Appellant's] probation was revoked and he was sentenced to one to two years of state incarceration with no probation tail. [N.T., 12/17/19], at 20. This [c]ourt further specified that [Appellant] must complete sex offender treatment to be eligible for parole. *Id.*

[Appellant] filed a motion for reconsideration of sentence on December 20, 2019[,] which was denied by operation of law after thirty days. [Appellant] filed a Notice of Appeal on January 15, 2020[,] and a [Pa.R.A.P. 1925(b)] Statement of Matter[s] Complained of on Appeal on February 5, 2020.

Trial Court Opinion (TCO), 5/21/20, at 1-5 (unpaginated; footnotes omitted).

The trial court filed its Rule 1925(a) opinion on May 21, 2020.

Herein, Appellant states two issues for our review:

A. Where Appellant entered a [*nolo contendere*] plea and bargained for a specific condition of supervision - to wit, that [Appellant] would not have to admit guilt of criminal sexual conduct as a condition of probation - and where the court accepted the plea and its attendant negotiated provisions, did not the court err when it refused to grant specific performance of the non-admission provision of the plea agreement and, instead, obliged Appellant to complete sex offender treatment in which admission of criminal sexual conduct was a requirement for successful completion of the treatment program?

B. Did not the court err in finding Appellant in violation of the conditions of his supervision[,] where Appellant was terminated from sex offender treatment programs due to his refusal to admit criminal sexual conduct, contrary to the negotiated provision of

his plea agreement that Appellant would not have to admit guilt of criminal sexual conduct as a condition of probation?

Appellant's Brief at 4.

Appellant's issues are related and, thus, we will address them together.

Preliminarily, we observe:

> In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000). Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.[] § 9771(b); ***Commonwealth v. Gheen***, … 688 A.2d 1206, 1207–08 ([Pa. Super.] 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.[] § 9771(c); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001).

***Commonwealth v. Hoover***, 909 A.2d 321, 322–23 (Pa. Super. 2006).

In this case, Appellant argues that the trial court erred by revoking his probation based on the technical violation of his failing to complete sex-offender treatment. He argues that he failed treatment because he refused to admit his guilt of the offenses to which he pled *nolo contendere*, but his plea agreement included the non-admission condition. Appellant stresses that, "[d]uring [his] plea colloquy, the court specifically stated, 'Admitting guilt ***during your treatment*** is not a requirement.'" Appellant's Brief at 21

(emphasis added) (quoting N.T., 12/7/18, at 6).  The written plea colloquy forms, and the court's original sentencing order, also contained the non-admission condition.  *Id.* at 21-22; *see also* No Contest Plea Order, 12/7/18, at 1 ("Admitting guilty during supervision not a condition of probation.") (unnecessary capitalization omitted).  Thus, Appellant insists that "it was clear from the start that it was agreed between the parties that [he] need not admit guilt during supervision."  Appellant's Brief at 22.  Moreover, he contends that the condition that he would complete sex offender treatment if he failed a polygraph test did not "nullify the non-admission provision of the plea agreement."  *Id.* at 24.  Instead, Appellant reasonably believed he would not have to admit guilt, even if he had to attend treatment.  *See id.* at 29-30.

Based on the non-admission condition of the plea agreement, Appellant claims that the court erred by finding him in violation of his probation after he was discharged from treatment for failing to admit his guilt.  Appellant insists that while he was entitled to specific performance of the plea agreement's non-admission condition, the court "unilaterally and retroactively [rewrote] the plea agreement to impose a new condition" of Appellant's having to admit his guilt in order to complete sex-offender treatment.  *Id.* at 26.  Appellant avers that the court's finding him in violation and imposing a new sentence of incarceration based on his failure to do so "was directly contrary to the bargained-for[,] non-admission provision" of the negotiated plea agreement.  Thus, he asks that we vacate his judgment of sentence and remand for a new

violation hearing, at which specific performance of non-admission condition can be enforced. *Id.* at 36.

Notably, the Commonwealth agrees that Appellant is entitled to relief. It candidly concedes that it "never should have entertained the terms of the plea agreement that were reached because it contained contradictory material terms." Commonwealth's Brief at 14. The Commonwealth then avers that, when it notified the court of the contradictory components of the plea in its motion for reconsideration of Appellant's sentence, the court should have "exercise[d] its discretionary powers that would have permitted it to unilaterally resolve the contract dispute between the parties." *Id.* at 15. More specifically, "[t]he court should have *sua sponte* rescinded its sentencing order when the Commonwealth first pointed out the problem with the plea agreement within thirty days of its entry." *Id.* (citing 42 Pa.C.S. § 5505 ("Except as otherwise proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.")). The Commonwealth concludes that, by allowing the plea agreement to remain in place, the court "lost jurisdiction to remedy the contractual problem[] by the time of the revocation proceedings, [and] it was required to enforce the conditions for which [Appellant] had bargained." *Id.* at 16. Therefore, the Commonwealth recommends that we "vacate [Appellant's] probation revocation sentence and order the [trial] court to reinstate his prior[,] ten-year probation term (with

credit for the time served on the revocation sentence) and rescind the treatment component of the probation term to achieve specific performance of the bargain that [Appellant] originally struck." *Id.* at 17-18.

We appreciate the Commonwealth's candor with this Court, and we agree with both parties that Appellant is entitled to relief. It is clear that the parties contemplated that the non-admission condition of Appellant's guilty plea would mean that he would **never** be required to admit his guilt, even if he failed the polygraph test and had to undergo treatment. Indeed, the court explicitly informed Appellant at the plea proceeding that, "[a]dmitting guilt **during your treatment** is not a requirement." **See** N.T., 12/7/18, at 6 (emphasis added). Nothing indicates that the parties were confused about the nature of the agreement they were entering, or the terms thereof. In any event, we observe that "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." **Commonwealth v. Hainesworth**, 82 A.3d 444, 447 (Pa. Super. 2013) (citation omitted).

In **Hainesworth**, we made clear that plea agreements are "contractual in nature and [are] to be analyzed under contract law standards." **Id.** at 449 (citation omitted). We also stressed that "it is critical that plea agreements are enforced, 'to avoid any possible perversion of the plea bargaining system.'" **Id.** (quoting **Commonwealth v. Fruehan**, 557 A.2d 1093, 1094 (Pa. Super. 1989) (internal citations omitted)). Thus,

> when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

> [***Santobello v. New York***, 404 U.S. 257, 262 (1971)]. This doctrine is also reflected in the law of this Commonwealth: "Plea bargains which are entered knowingly and voluntarily are viewed with favor in this Commonwealth. If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." ***Fruehan***, 557 A.2d at 1094. Specific enforcement of valid plea bargains is a matter of fundamental fairness. ***Commonwealth v. Mebane***, 58 A.3d 1243, 1249 (Pa. Super. 2012).

***Id.*** at 449.

Following these legal principles, we conclude that the trial court abused its discretion by refusing to specifically enforce the non-admission condition of Appellant's plea. The court reasoned that its revocation of Appellant's probation was appropriate because it repeatedly offered to allow him to withdraw his plea, and he "was fully cognizant of [the] treatment condition at the outset of his plea…." TCO at 7 (unnumbered). However, as discussed *supra*, the record supports Appellant's position — and the Commonwealth's concession — that the parties contemplated that Appellant would ***not*** have to admit his guilt, even if treatment were required. Moreover, Appellant had no obligation to move to withdraw a plea that is favorable to him. The Commonwealth entered into the plea agreement fully understanding the terms thereof, and the court not only accepted the plea, but failed to vacate it when the Commonwealth notified the court that the plea contained contradictory conditions. Thus, the court abused its discretion by revoking Appellant's probation based on his failure to admit guilt.

Accordingly, we vacate Appellant's judgment of sentence and remand for the court to reinstate his prior sentence of probation, with credit given for the time Appellant served on his revocation sentence. The court shall also rescind the treatment condition of Appellant's probationary sentence.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/21